IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01475-REB-MJW

ANTHONY FERNANDEZ,

Plaintiff,

v.

DENVER POLICE OFFICER THOMAS BOGERT, et al.,

Defendant.

---

**ORDER REGARDING
DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S DISCLOSURES OF EXPERT
TESTIMONY PURSUANT TO RULE 26(a)(2) FED. R. CIV. P. (DOCKET NO. 27)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court on Defendants' Motion to Strike Plaintiff's Disclosures of Expert Testimony Pursuant to Rule 26(a)(2) Fed. R. Civ. P. (docket no. 27). The court has reviewed the subject motion (docket no. 27) and the response (docket no.31) thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That the Tenth Circuit applies a four-factor test for determining whether it is appropriate to strike an expert witness for late disclosure: (1) the prejudice or surprise in fact of the party against whom the excluded witness would have testified; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against the calling unlisted witnesses would disrupt the orderly and efficient trial of the case or the other cases in court; and (4) bad faith or willfulness in failing to comply with the court's order. See Jacobsen v. Deseret Book Co., 287 F.3d 936, 953 (10th Cir. 2002); Summers v. Missouri Pac. R. R. Sys., 132 F.3d 599, 604 (10th Cir. 1997); and

5. That Plaintiff had to undergo mental health treatment as a requirement of his juvenile diversion program. There was a delay in getting the mental health treater assigned to Plaintiff. I find no surprise to Defendants that Plaintiff would use a mental health expert in this case. The Rule 16 Order under paragraph 8 d. (1) indicates that experts would be endorsed in the fields of psychiatry/psychology as well as other experts in different fields as outlined in paragraph 8 d. (1). The trial on the merits is not set until September 28, 2009, and there is time to cure any prejudice that

Defendants suggest. I find that allowing this late endorsement of Plaintiff's expert will not disrupt the orderly and efficient trial of the case or the other cases on the court's docket. Lastly, I do not find bad faith or willfulness in failing to comply with this court's order and Judge Blackburn's practice standards. For these reasons, the subject motion (docket no. 27) should be denied.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendants' Motion to Strike Plaintiff's Disclosures of Expert Testimony Pursuant to Rule 26(a)(2) Fed. R. Civ. P. (docket no. 27) is **DENIED**;

2. That if the Defendants wish to depose Plaintiff's expert witness, then the parties shall immediately meet and confer and set the deposition of Plaintiff's expert on or before March 31, 2009, which is deadline to complete discovery; and,

3. That each party shall pay their own attorney fees and costs for this motion.

Done this 11th day of March 2009.

BY THE COURT

S/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE