**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  08-cv-01475-REB-MJW

ANTHONY FERNANDEZ,

     Plaintiff,

v.

DENVER POLICE OFFICER THOMAS BOGERT, in his individual and official capacity,
DENVER POLICE DEPARTMENT, and
CITY AND COUNTY OF DENVER,

     Defendants.

---

**ORDER RE: DEFENDANTS' COMBINED MOTION
FOR PARTIAL SUMMARY JUDGMENT**

---

**Blackburn, J.**

The matter before me is **Defendants' Combined Motion for Partial Summary Judgment and Brief in Support Thereof** [#43], filed May 15, 2009.  I grant the motion in part and deny it as moot in part.

## I.  JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question).

## II.  STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  **FED.R.CIV.P.** 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  A dispute is "genuine" if the issue could be resolved in favor of either party.  **Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586,

106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue.  *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995).  Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  *Concrete Works*, 36 F.3d at 1518.  All the evidence must be viewed in the light most favorable to the party opposing the motion.  *Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999).  However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence.  *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir.), *cert. denied*, 120 S.Ct. 334 (1999).

### III.  ANALYSIS

On the afternoon of May 23, 2008, Denver police officer Joseph Sartain responded to complaints that three minors were "tagging," or spray painting graffiti, in Bear Creek Park in Denver, Colorado.  Defendant, officer Thomas Bogert, responded separately to provide back-up for Sartain.  Seeing Sartain's police car, the three minors ran.  Sartain apprehended two of them, but the third, plaintiff, Anthony Fernandez, Jr.,

escaped.

Sartain radioed a description of plaintiff to Bogert, who subsequently found plaintiff hiding in the bushes and asked him to approach the patrol car.  After a brief discussion, Bogert grabbed plaintiff's left wrist in order to take him into custody. Plaintiff, who had broken his wrist several months prior to this incident, turned away and pulled his arm out of Bogert's grip.  Bogert then tackled plaintiff, and they both went to the ground, where plaintiff struck the right side of his forehead on the pavement. Plaintiff then bit Bogert on the left forearm.  Bogert responded by striking plaintiff at least four times, both with his "sap" and with his fist.  Plaintiff ultimately released his bite, and Bogert placed him in handcuffs.  Although Bogert denies it, plaintiff alleges that thereafter, Bogert slammed his head into the trunk and the door frame, and struck him twice again in the abdomen.

The first amended complaint alleged causes of action under the Fourth, Fifth, and Eighth Amendments.  In the Final Pretrial Order, however, plaintiffs have brought forward only a Fourth Amendment excessive force claim.  (*See* **Final Pretrial Order** § 3.a. at 2-4 [#53] filed July 29, 2009.)  To the extent defendants seeks summary judgment on plaintiffs' claims under the Fifth and Eighth Amendments, as well as with respect to a possible Fourth Amendment false arrest claim, their motion is moot.  *See* **FED.R.CIV.P.** 16(d); *Franklin v. United States*, 992 F.2d 1492, 1497 (10th Cir. 1993).

Regarding plaintiffs' claims against the City and County of Denver for deliberate indifference, failure to train, and failure to supervise, however, the motion for summary judgment is well-taken.  Defendants argue that plaintiffs have failed to identify any

municipal policy or custom that might subject the City to liability pursuant to ***Monell v. Department of Social Services of New York***, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), or to establish the elements of a failure to train and/or supervise claim. Plaintiffs respond that summary judgment as to these claims is premature because defendants have failed to adequately respond to their discovery requests directed to this issue.

Plaintiffs' response shows a clear misapprehension of their summary judgment burden as the party bearing the burden of proof at trial:

> "[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial. . . . [T]he plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment. This is true even where the evidence is likely to be within the possession of the defendant, as long as the plaintiff has had a full opportunity to conduct discovery."

***Anderson***, 106 S.Ct. at 2514.  ***See also Ball v. Sledd***, 814 F.Supp. 48, 49 (D. Kan. 1993) ("Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."). Contrary to the thrust of plaintiffs' argument, therefore, the time for a party to demonstrate that its claims are appropriate for trial is typically in response to the opposing party's motion for summary judgment.

Nor have plaintiffs taken timely appropriate steps to secure the evidence they claim is necessary to respond to the motion for summary judgment.  If a party believes that discovery is inadequate to allow it to respond to a motion for summary judgment, its

4

first recourse is a motion under Fed.R.Civ.P. 56(f), where it must "show[] by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." Plaintiffs here did not invoke Rule 56(f), or otherwise move to stay resolution of the instant motion.  Instead, four months after discovery in this case closed, almost two months after filing their response to the motion for summary judgment, and within two months of the scheduled trial date, plaintiffs filed a woefully belated motion to compel responses to this allegedly critical discovery.  (**See Plaintiffs' Motion To Compel Discovery Answers** [#54], filed July 31, 2009.)  Such unexplained lack of diligence does not bespeak a party intent on pursuing viable claims.[1]

Indeed, nothing in plaintiffs' response to the motion for summary judgment or their motion to compel even hints that they have potentially viable claims against the City for deliberate indifference or failure to train and/or supervise.  It appears that they believe Bogert's use of his "sap" in this one instance suggests that the City maintained an unconstitutional custom regarding the use of such weapons and/or failed to adequately train and supervise its officers in their use.  "Ordinarily, '[p]roof of a single incident of unconstitutional activity is not sufficient to impose [municipal] liability.'" *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996) (quoting *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993)).  An exception to this doctrine exists where "the particular illegal course of action was taken pursuant to a decision made by a person with authority to make policy decisions on behalf of the entity being sued," *id.*, but

---

[1]  Given plaintiffs' excessive and unexplained delay in bringing their discovery motion, I am hard pressed to imagine a situation in which I would be inclined to grant a continuance of the trial in order to allow plaintiffs to pursue further discovery.

plaintiffs offer no argument invoking this exception.  Indeed, plaintiffs have not even specified in what ways Denver police officers' training and/or supervision were allegedly inadequate, although such a catalogue in itself would not be sufficient to meet their burden of proof.  *See Carr v. Castle*, 337 F.3d 1221, 1229 (10th Cir. 2003).

In sum, plaintiffs have failed to demonstrate any genuine issue of material fact for trial with regard to their claims against the City.  Accordingly, defendants' motion to dismiss those claims must be granted.

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Defendants' Combined Motion for Partial Summary Judgment and Brief in Support Thereof** [#43], filed May 15, 2009, is **GRANTED IN PART** and **DENIED AS MOOT IN PART**:

a.  That the motion is **GRANTED** with respect to plaintiff's claims against the City and County of Denver for deliberate indifference, failure to train, and failure to supervise, and those claims are **DISMISSED WITH PREJUDICE**; and

b.  That in all other respects, the motion is **DENIED AS MOOT**.

Dated August 11, 2009, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

6